GUARANTY NATIONAL INSURANCE COMPANY, Plaintiff and Respondent,

v.

Barbara J. MORRIS, Defendant and Appellant.

No. 16207.

Supreme Court of Utah.

May 12, 1980.

Kent M. Kasting and Gary E. Atkin of Gustin, Adams, Kasting & Liapis, Salt Lake City, for defendant and appellant.

Timothy R. Hanson and David H. Epperson, of Hanson, Russon, Hanson & Dunn, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Plaintiff Guaranty National Insurance Company brought this action against its insured, defendant Barbara J. Morris, seeking reimbursement for personal injury protection (PIP) payments it paid to her under the "Utah Automobile No-Fault Insurance Act." [1]

The stipulated facts are: On December 16, 1975, Mrs. Morris was involved in an automobile accident with a Mr. Rick Chapman, whose insurer was State Farm Insurance Company (hereinafter State Farm). Pursuant to its policy with the defendant, the plaintiff paid no-fault benefits of $2,030.21 for her medical expenses and $757.40 for her loss of earnings.

On June 24, 1976, the plaintiff notified State Farm of its claim for reimbursement of the PIP benefits it had paid. On November 9, 1976, State Farm advised the plaintiff that the defendant Morris had retained the services of an attorney to pursue her claim against Chapman and that the reimbursement request could not be dealt with until the claim of their insured (Mrs. Morris) against Chapman had been resolved. A few months later, State Farm further advised the plaintiff that negotiations with the defendant were still pending.

About two years after the accident occurred, the defendant Morris arrived at a settlement with State Farm on the claim against Chapman for $14,000. The release recited that it was "a full and final . . settlement of any and all claims, . . . [for] injuries and damages . . . arising out of the aforesaid accident." State Farm issued two checks, one which was payable jointly to the defendant Morris and her attorney, Mr. Kent Kasting, for $11,212.39 for all other damages, and the other payable jointly to plaintiff herein, Guaranty National Insurance, and Mr. Kasting, for $2,787.61, expressly stated to be reimbursement for the PIP benefits plaintiff had paid to Mrs. Morris.

On January 6, 1978, Mr. Kasting advised the plaintiff that the defendant had settled her claim with State Farm. He also explained that the $14,000 settlement, which resulted from his efforts and from which plaintiff Guaranty National received its reimbursement of $2,787.61, was also subject to his one-third contingency attorney's fee. Wherefore, Mr. Kasting claimed $928.27 from plaintiff. The plaintiff refused to pay that fee and instituted this suit for reimbursement for the entire PIP payment.

The trial court granted the plaintiff's motion for summary judgment, stating that the plaintiff had

. . . no obligation to the defendant . . . for attorneys' fees or costs with respect to . . . the no-fault pay-

---

1. Section 31–41–1 et seq., U.C.A.1953.

ments and benefits paid to defendant . . . .

Defendant concedes that the plaintiff is entitled to that part of her recovery from State Farm which represents the PIP benefits that had been paid to her by the plaintiff.[2] But the defendant asserts that since it was due to the efforts of herself and of her attorney that the $14,000 settlement was obtained, and from which plaintiff is able to obtain reimbursement for its PIP payments, the plaintiff should bear its fair proportion of the attorney fee thus incurred. The plaintiff's rejoinder is that the defendant's attorney is claiming a fee for services which the plaintiff neither requested, desired nor authorized and, if it is required to pay those fees when section 31–41–11, U.C.A.1953, provides for reimbursement between insurers, insurance costs will increase rather than decrease, as was intended by the legislature.[3]

Recent decisions of this Court have construed the rights of insurers and insureds under our No-Fault Act. In *Allstate Insurance Co. v. Ivie*,[4] this Court held that a no-fault insurer who has paid PIP benefits to its insured is not entitled, by way of subrogation, to reimbursement of those funds from a subsequent recovery by its insured against the third-party tortfeasor or his insurer. Rather, as was explained in that case, any reimbursement claimed by the PIP insurer is to be sought in an arbitration proceeding between the insurance companies of the respective parties, as provided in section 31–41–11, U.C.A.1953. The gist of the decision was that the PIP payment would not be considered as part of any settlement between the injured party and the third-party tortfeasor or his insurer.

Subsequently, in *Street v. Farmers Insurance Co.*,[5] the injured party settled her claim against the third-party tortfeasor for $14,000 and from that recovery, similar to the instant case, plaintiff Street willingly agreed to the reimbursement of her own insurer for her PIP benefits, in that instance $4,601.98. However, she claimed that there should be deducted therefrom a reasonable attorney's fee for the benefit resulting to her insurer by reason of the settlement that had been obtained. In that case, this Court recognized that in appropriate circumstances and where it has had notice, a subrogated insurance carrier should pay its fair share of an attorney's fee and costs which have been incurred in protecting its interests.[6] We noted in the *Street* case that the trial court had made no findings as to whether any benefit had been conferred upon the PIP insurer and the case was remanded for a determination of that fact.

Consistent with our decision in the *Street* case, the trial court's refusal to require the plaintiff to participate in the payment of the defendant's attorney's fees on her tort claim against Chapman is vacated. This case is remanded for further proceedings to determine whether, by the defendant's obtaining the $14,000 settlement, any benefit was conferred upon the plaintiff, and if so, the reasonable amount of attorney's fees to be allowed to the defendant. Costs to defendant (appellant).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

2. In that regard, this case is different from *Allstate Insurance Co. v. Ivie*, Utah, 606 P.2d 1197 (1980).

3. Section 31–41–2 provides that: ". . . The intention of the legislature is hereby to possibly stabilize, if not effectuate certain savings in, the rising costs of automobile accident insurance . . . .."

4. Supra, note 2.

5. Utah, 609 P.2d 1343 (1980).

6. Id.